UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ROBERT I. SCHWARTZ, MD.,

                Plaintiff,                <u>MEMORANDUM AND ORDER</u>

    -against-                    CV 14-3877 (LDW) (AKT)

RICHARD A. SCHWARTZ,

                Defendant.
----------------------------------------------------X
Wexler, J.

      Plaintiff Robert I. Schwartz, MD brings this diversity action against defendant

Richard A. Schwartz asserting fraud and equitable claims.  Defendant moves to dismiss

the complaint under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure

("FRCP"), and to cancel the notice of pendency, together with an award attorney's fees

and expenses upon the cancellation of the notice of pendency.  Plaintiff opposes the

motion.


                I.  <u>BACKGROUND</u>

      As alleged in the complaint, plaintiff is a retired dermatologist who suffered

various strokes.  Defendant is plaintiff's son.  Defendant formerly worked in the

securities industry.  In mid to late February 2014, defendant contacted plaintiff explaining

that he was in dire financial straits and needed to borrow $150,000.  Plaintiff advised

defendant that he would not lend him that amount but would consider a loan of $100,000.

Defendant accepted the offer to borrow $100,000.  At that time, defendant also told

plaintiff that he was working with a colleague who was a financial "genius." Defendant claimed that the colleague had a recent track record of achieving 24% returns on investments. Defendant recommended to plaintiff that he invest $200,000 with the colleague. On or about February 26, 2014, plaintiff wired $300,000 into defendant's bank account. Based on defendant's representations, plaintiff understood that $100,000 was a loan to defendant and $200,000 was to be invested with defendant's colleague.

On or about May 15, 2014, defendant advised plaintiff that he never invested the $200,000 with his colleague and that he was treating the entire $300,000 as a "loan." Defendant further advised plaintiff that he had spent all, or a significant portion, of the funds to remove liens and make past due mortgage payments on his home located at 360 Canoe Place Road in Southampton, New York (the "Property"). On or about June 17, 2014, defendant listed the Property for sale.

Plaintiff commenced this action on June 20, 2014. He also filed a notice of pendency. Plaintiff asserts four claims in the complaint: (1) fraud, seeking money damages; (2) constructive trust, imposing a trust on the Property and in the proceeds of any sale of the Property; (3) unjust enrichment; and (4) an accounting.

On August 20, 2014, defendant served his motion to dismiss the complaint and to cancel the notice of pendency. The motion was fully briefed and submitted on September 29, 2014. Defendant's motion requests (1) dismissal of the fraud claim under FRCP 12(b)(6) because the complaint alleges nothing more than a breach of contract cast as a

fraud claim, and under FRCP 9(b) because the complaint fails to plead fraud with specificity; (2) dismissal of claims seeking equitable relief because plaintiff has an adequate remedy at law; (3) cancellation of the notice of pendency under New York Civil Practice Law and Rules ("CPLR") § 6501 because the underlying claims are insufficient and they have no direct relationship to the Property, and under CPLR § 6514(b) because the action was not commenced in good faith; and (4) an award of attorney's fees and expenses based on the cancellation of the notice of pendency because the action was not commenced in good faith, as authorized by CPLR § 6514(c).

In support of the motion to cancel the notice of pendency, defendant submits a declaration in which he asserts, among other things, that the $300,000 he received from plaintiff was a loan and that he told plaintiff he would repay the loan after he sold the Property. Defendant attaches an email that he received from plaintiff's girlfriend in May 2014 and letters he received from plaintiff's attorney, David Valicenti ("Valicenti"), in June 2014, purportedly demonstrating that the $300,000 was a loan.

In opposition to the motion to cancel the notice of pendency, plaintiff submits his own declaration, as well as declarations of his financial advisor, Ken Rosenbaum ("Rosenbaum"), and attorney Valicenti, purportedly to "demonstrate the facts supporting the claim," Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss and Motion to Cancel Notice of Pendency, at 15. Plaintiff's declaration explains the details of his conversations with defendant, including defendant's lies about the "investment" and

about defendant's colleague, the financial "genius." Plaintiff states that after he sent defendant the $300,000, defendant disclosed that he spent $160,000 of the money to pay personal debts, including late mortgage payments. When plaintiff asked defendant to account for the balance of the money, defendant refused to tell him. After plaintiff realized defendant's deception, he sought to ensure repayment of the $300,000. In this respect, plaintiff asked defendant to sign a promissory note and mortgage on the Property as a way to resolve the situation, not because the money was a loan. Rosenbaum provides details of his conversations with plaintiff and defendant about the purported "investment" and of notes he made concerning those conversations, purportedly demonstrating that the money plaintiff provided to defendant was not a loan. Valicenti explains his correspondence with defendant, maintaining that he conveyed plaintiff's willingness to "treat" the entire $300,000 as a loan (to be documented by a promissory note and mortgage) as an attempt to resolve the parties' dispute, not as an indication that plaintiff's money was a loan. Valicenti also states that he retrieved tax payment records from the Suffolk County Treasurer's Office showing that six days after plaintiff wired the $300,000 to defendant, defendant paid $36,080.62 in taxes that were in arrears on the Property. By letter dated June 18, 2014, Valicenti requested that defendant provide an accounting for the remainder of the money, but defendant refused. Valicenti attaches a real estate listing for the Property showing a listing price of $1.95 million.

On November 11, 2014, plaintiff requested the Court's permission to file a letter brief and declaration of Ahmad Nahhas ("Nahhas"), the purported financial "genius" with whom defendant was to invest plaintiff's money. According to Nahhas, Chief Executive of Data One Global, he told defendant that he would not invest plaintiff's money. Plaintiff states that he received Nahhas' declaration only after Data One Global recently responded to plaintiff's subpoena seeking documents regarding investment opportunities available to plaintiff. By letter dated November 13, 2014, defendant requested that the Court strike plaintiff's November 11 submission as untimely.

## II. DISCUSSION

### A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief

that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. On a motion to dismiss under FRCP 12(b)(6), the Court does not consider matters outside the pleadings. *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202 (2d Cir. 2013).

B. Standard for Pleading Fraud

In alleging fraud, FRCP 9(b) requires that "a party must state with particularity the circumstances constituting fraud." To satisfy this requirement, "the plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012) (internal quotation marks omitted). A plaintiff must plead facts giving rise to a "strong inference of fraudulent intent," which "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (internal quotation marks omitted).

C. Disposition of Defendant's Motion

    1. Matter Outside the Pleadings

As a threshold matter, the Court notes that it will not consider matter outside the pleadings, such as the party and non-party declarations (whether already submitted or proposed to be submitted), on the motion to dismiss. *See Nakahata*, 723 F.3d at 202.

    2. Fraud Claim

Under New York law, to state a claim for fraud, a plaintiff must plead "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006). Defendant argues that the fraud claim is insufficient and should be dismissed because it alleges nothing more than a breach of contract cast as a fraud claim. In addition, defendant maintains that the complaint fails to plead fraud with specificity.

Upon consideration, the Court finds that the complaint sufficiently pleads a claim for fraud. Contrary to defendant's suggestion, cases dismissing fraud claims that merely restate pleaded breach of contract claims, *see, e.g.*, *D.S. Am. (E.) v. Chromagrafx Imaging Sys.*, 873 F. Supp. 786, 795-96 (E.D.N.Y. 1995), are inapposite and do not warrant dismissal of plaintiff's fraud claim. Plaintiff's fraud claim is not duplicative or redundant of any contract claim, as no breach of contract claim is pled. Rather, plaintiff sufficiently pleads a fraud claim based on defendant's alleged false representations made with a

preconceived and undisclosed intention not to perform as represented. *See Neckles Builders, Inc. v. Turner*, 986 N.Y.S.2d 494, 497 (2d Dep't 2014) ("Where the gravamen of the alleged fraud does not arise from the mere failure of a promisor to perform his or her obligations under a contract, but arises from a promisor's successful attempts to induce a promisee to enter into a contractual relationship despite the fact that the promisor harbored an undisclosed intention not to perform under the contract, a proper cause of action sounding in fraud may be stated."). In other words, "a false statement, promissory in nature, 'may be deemed the statement of a material existing fact, because it falsely represents the [declarant's] state of mind and the state of his mind is a fact.' " *Tribune Printing Co. v. 263 Ninth Ave. Realty, Inc.*, 57 N.Y.2d 1038, 1041 (1982) (quoting *Deyo v. Hudson*, 225 N.Y. 602, 612 (1919)). Moreover, the Court finds that the fraud claim is pled with sufficient particularity to satisfy FRCP 9(b).

Accordingly, the motion to dismiss the fraud claim is denied.

3. Equitable Claims

As for the claims seeking equitable relief, defendant argues that these claims must be dismissed because plaintiff has an adequate remedy at law. Upon consideration, the Court denies the motion at this time without prejudice. Such claims may be dismissed should it be determined that plaintiff has an adequate remedy at law. *See, e.g.*, *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 188-89 (E.D.N.Y. 2004)

("Generally, if there is an adequate remedy at law, a court will not permit a claim in equity.").

Accordingly, the motion to dismiss the equitable claims is denied.

4. Notice of Pendency and Request for Attorney's Fees and Costs

As for the request to cancel the notice of pendency, defendant argues that the notice of pendency should be canceled under CPLR § 6501 because the underlying claims are insufficient and they have no direct relationship to the Property. Defendant also argues that the notice of pendency should be canceled under CPLR § 6514(b) because the action was not commenced in good faith, and that he should be awarded attorney's fees and expenses, as authorized by CPLR § 6514(c).

CPLR § 6501 provides that "[a] notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." Notably, "the court essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501." *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320 (1984).

CPLR § 6514(b) also authorizes the court to cancel a notice of pendency "if the plaintiff has not commenced or prosecuted the action in good faith," and CPLR § 6514(c) allows the court, in an order cancelling a notice of pendency, to "direct a plaintiff to pay

any costs and expenses occasioned by the filing and cancellation." As noted, the parties have filed various declarations as to whether this action was commenced in good faith.

Upon consideration, the Court denies the request to cancel the notice of pendency and to award attorney's fees and expenses. Contrary to defendant's arguments, the underlying claims are sufficient, and the claims for fraud and constructive trust (perhaps, more appropriately construed as an equitable lien) have a sufficient relationship to the Property, as the alleged fraudulently obtained funds were used to remove liens and make past due mortgage payments on the Property. *See, e.g.*, *UBS AG, N.Y. Branch v. Walder*, No. 02 Civ. 9156 RMB, 2003 WL 21344541, at * 2 (S.D.N.Y. June 9, 2003) (denying motion to vacate notice of pendency on real property where complaint alleged that defendant and her co-defendant ex-spouse purchased the real property with funds stolen from plaintiff, and complaint sought "imposition of a constructive trust on all real . . . property acquired with converted funds"). Moreover, in light of the conflicting declarations supporting and opposing the motion to cancel the notice of pendency, the Court cannot conclude that this action was not commenced in good faith. *See, e.g.*, *Lessard Architectural Group, Inc., P.C. v. X & Y Dev. Group, LLC*, 930 N.Y.S.2d 652, 654 (2d Dep't 2011) ("In this case, it cannot be concluded, based upon the conflicting allegations of the parties, that the plaintiff commenced this action in bad faith, or is using the notice of pendency for an ulterior purpose." ). The Court reaches this determination regardless of the November 11 submission. Accordingly, plaintiff's motion to submit the

letter brief and declaration is denied, and defendant's request to strike the November 11

submission is denied as moot.

Given the Court's determination, defendant's request for an award of attorney's

fees and expenses under CPLR § 6514(c) is also denied.

Accordingly, the motion to cancel the notice of pendency and to award attorney's

fees and expenses is denied.


III.  CONCLUSION

For the above reasons, (1) defendant's motion to dismiss (DE 15) is denied;

(2) plaintiff's letter requesting permission to file declaration (DE 19) is denied; and

(3) defendant's letter motion to strike (DE 20) is denied as moot.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated:  Central Islip, New York
        November 17, 2014